[L. A. No. 25125. In Bank. Oct. 24, 1958.]

WILLIAM E. VANCE, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

John F. O'Laughlin for Petitioner.

Edmund G. Brown, Attorney General, William E. James, Assistant Attorney General, James Don Keller, District Attorney (San Diego), and James J. Biggins, Deputy District Attorney, for Respondents.

McCOMB, J.—Petitioner seeks a writ of mandate to require respondents to order the District Attorney of San Diego County to permit him to inspect and hear certain electronic transcriptions in the possession of the district attorney.

Petitioner was charged by an indictment with violation of section 288 of the Penal Code (crimes against children: lewd or lascivious acts) and was arraigned in the Superior Court of San Diego County on May 16, 1958. He entered a plea of not guilty, and the matter was set for trial on June 20, 1958.

Petitioner was arrested May 12, 1958, and questioned extensively by police officers. During the questioning portions of a tape-recorded conversation between the purported victim, Judith Ann Kropf, and law enforcement officers were played

to him; and petitioner alleges that he has reason to believe his conversation with the law enforcement officers was also recorded.

On May 28, 1958, after receiving a copy of the grand jury transcript, petitioner filed a motion, accompanied by affidavits, requesting the superior court to order the district attorney to produce transcriptions of the conversations which the law enforcement officers had with petitioner, as well as with Judith Ann Kropf.

The trial judge, after reading the affidavits presented by petitioner and the People, denied the motion, and the case is now set for trial.

Petitioner alleges that he does not remember what statements he made to the police officers and that his attorney has told him that in order to prepare his defense properly, it will be necessary for the attorney to know what was said in the conversation between petitioner and the police officers and in the conversation between the purported victim and the officers.

■ This is the sole question presented: *Can petitioner require the prosecution to permit him to hear recordings of (a) his conversation with the police officers, which conversation he claims he does not now remember, and (b) a conversation between the purported victim and the police officers?*

*Yes.* In a criminal case an accused is entitled to hear recordings of his conversations with police officers and recordings played to him at the time he was examined by them where he has forgotten what he said at the time he was examined and alleges that the recordings are necessary to refresh his recollection. (*Powell* v. *Superior Court,* 48 Cal.2d 704, 706 et seq. [312 P.2d 698]; *People* v. *Riser,* 47 Cal.2d 566, 587 [305 P.2d 1].)

The foregoing rule is applicable to the present case. The record discloses that at the time petitioner was examined by police officers a recording of his conversation with the officers was made; that a recording of a conversation between the purported victim and the police officers was played to petitioner during his examination by the officers; that he does not remember what he said at the time of such examination; and that the recordings of the conversations are necessary to refresh his recollection so that his attorney can adequately prepare his defense.

Let a peremptory writ of mandate issue directing the respondents to permit petitioner to hear recordings of (a) his

conversation with the police officers and (b) the conversation between the police officers and the purported victim which were played to petitioner during his questioning by them.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied November 19, 1958.