[Crim. No. 6428. In Bank. May 1, 1959.]

THE PEOPLE, Respondent, v. JACK H. CHAPMAN et al., Appellants.

Gerald J. Levie and Burt Marks for Appellants.

Edmund G. Brown, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Jack H. Chapman and Avis Spears were convicted after a trial by jury of a violation of section 288a of the Penal Code.[1] Chapman was also convicted of violating section 266h of the Penal Code[2] and of contributing to the delinquency of a minor (Welf. & Inst. Code, § 702), a lesser offense necessarily included in a charge of violating subdivision 1 of section 261 of the Penal Code.[3] They have appealed from the judgments and from orders denying a new trial.

Chapman and his wife lived in a house in La Puente with several other people, including Avis Spears. In the first part of 1957 Chapman brought Gloria Jean Woods, who was 16 or 17 years old, to California to help take care of his mother.

---

[1]Section 288a of the Penal Code reads, in part: "Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding 15 years, or by imprisonment in the county jail not to exceed one year; . . ."

[2]Section 266h of the Penal Code reads, in part: "Any male person who, knowing a female person is a prostitute, lives or derives support or maintenance in whole or in part from the earnings or proceeds of her prostitution, or from money loaned or advanced to or charged against her by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, or who solicits or receives compensation for soliciting for her, is guilty of pimping, a felony, . . ."

[3]Section 261 of the Penal Code reads, in part: "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: 1. Where the female is under the age of eighteen years; . . ."

Gloria, who was given permission by her mother to stay with the Chapmans, remained with them for about three months and then ran away to Los Angeles.

Several months afterward Gloria was arrested on information given to the police that, along with other members of the Chapman household, she had been engaged in illegal sexual activities. During interrogation by officers of the police department attached to the juvenile division, she first denied but later admitted that the alleged offenses had occurred. Chapman and Avis Spears were arrested and brought to trial.

 The court properly refused to grant defendants' motion for separate trials for each of them on each count of the information. Section 954 of the Penal Code permits joinder of different offenses which do not relate to the same transaction or event where there is a common element of substantial importance in their commission.[4] (*People* v. *Scott,* 24 Cal.2d 774, 778-779 [151 P.2d 517] ; *People* v. *Thorn,* 138 Cal.App. 714, 735 [33 P.2d 5].) Section 1098 provides for joint trials of two or more defendants who are charged jointly with any public offense.[5] The fact that Avis Spears is charged with only one of the crimes does not render the joinder improper or deprive the court of discretion to deny a motion for severance since there is a joint charge as to one of the crimes and a common element of substantial importance in the commission of all of them. (*People* v. *Cohen,* 107 Cal. App.2d 334, 342 [237 P.2d 301] ; *People* v. *Nasworthy,* 94 Cal.App.2d 85, 91-92 [210 P.2d 83] ; *People* v. *Burton,* 91 Cal.App.2d 695, 714 et seq. [205 P.2d 1065] ; *People* v. *Flores,* 62 Cal.App.2d 700, 705 [145 P.2d 318] ; see *People* v. *Andrews,* 165 Cal.App.2d 626, 634-635 [332 P.2d 408] ; *cf. People* v. *Duane,* 21 Cal.2d 71, 76 [130 P.2d 123].) It follows that there was no abuse of discretion in denying separate trials to defendants.

---

[4]Section 954 of the Penal Code provides in part: ''An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, . . . provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately.''

[5]Section 1098 of the Penal Code provides in part: ''When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials.''

The principal question raised on this appeal is whether the court erred in refusing to compel the production of a statement prepared by the police and signed by Gloria. Defendants sought to obtain this statement for impeachment purposes after Gloria, on cross-examination, said that it related to matters covered by her testimony.

■ The defendant in a criminal case can on a proper showing compel production of documents in the possession of the People which are relevant and material to the defense, and this rule has been applied to written statements of prosecution witnesses relating to the subject matter of their testimony where the statements were sought by the defense for purposes of impeachment. (*Jencks* v. *United States*, 353 U.S. 657, 666 et seq. [77 S.Ct. 1007, 1 L.Ed.2d 1103]; *Tupper* v. *Superior Court*, 51 Cal.2d 263, 264-265 [331 P.2d 977]; *People* v. *Riser*, 47 Cal.2d 566, 585 et seq. [305 P.2d 1]; *cf. Powell* v. *Superior Court*, 48 Cal.2d 704 [312 P.2d 698].) The value of obtaining such statements, particularly where they were made before time dulled the memory of the witness, is obvious. The statements may contain contradictions of the testimony of the witness, may omit some facts related by the witness at the trial, or may reveal a contrast in the emphasis placed on the same facts.

■ In order to obtain production of the prior statement of a prosecution witness, a defendant is not required to show that there is any inconsistency between the statement and the testimony of the witness. (*Jencks* v. *United States*, 353 U.S. 657, 666-668 [77 S.Ct. 1007, 1 L.Ed.2d 1103].) As pointed out in the Jencks case, a requirement of proof of a conflict between the witness' testimony and his earlier statement would, in many cases, deny the accused the benefit of relevant and material evidence. Ordinarily a defendant cannot show that a statement contains contradictory matters until he has seen it, and, if such a showing were a condition precedent to production, his rights would be dependent upon the highly fortuitous circumstance of his detailed knowledge as to the contents of the statement. For these reasons we disapprove any implication in *People* v. *Gallardo*, 41 Cal.2d 57, 67 [257 P.2d 29], and *People* v. *Riser*, 47 Cal.2d 566, 587 [305 P.2d 1], that the right of a defendant to obtain the production of a statement made by a witness for the prosecution depends upon a showing that the writing contradicts the witness' testimony.

It was error to deny the motion for the production of Gloria's statement, and the error was clearly prejudicial. Her testimony was the principal evidence in support of one of the convictions and the sole evidence in support of the remaining convictions. Moreover, on cross-examination she admitted that she would lie or tell the truth depending on what suited her requirements at the time, and there was evidence that she had been careless with the truth on a number of occasions. In these circumstances there can be no question of the importance to the defense of obtaining her statement.

The judgments and the orders denying a new trial are reversed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., McComb, J., and Peters, J., concurred.