52 Cal.2d 423 (1959)
ERNEST M. FUNK, Petitioner,
v.
SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.
L. A. No. 25404. 
Supreme Court of California. In Bank. 
June 26, 1959.
 Low, Stone, & Emery and Joseph Stone for Petitioner.
 Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan and Lewis Watnick, Deputy District Attorneys, for Respondent.
 GIBSON, C.J.
 Petitioner was accused of having performed abortions in violation of section 274 of the Penal Code. At the preliminary hearing two women upon whom abortions *424 were allegedly performed and the brother of one of them testified for the prosecution. On cross-examination it was shown that these witnesses had previously given oral statements to police officers relating to the matters covered in their testimony, that two of the statements had been recorded through the use of a stenotype machine, and that the third had been written by an officer in longhand. After being bound over to the superior court, petitioner, based on this showing, moved for an order directing that he be allowed to examine the original notes made by the officers and to inspect and copy written statements prepared from the notes. The motion was denied, and, upon petitioner's application to this court for relief, we issued an order to show cause why an appropriate writ should not be granted.
 The showing made by petitioner is sufficient to entitle him to production of the documents he wishes to inspect. [1] It is settled that, during trial, an accused can compel the People to produce written statements of prosecution witnesses relating to the matters covered in their testimony. (People v. Chapman, ante, pp. 95, 98 [338 P.2d 428]; People v. Riser, 47 Cal.2d 566, 585 et seq. [305 P.2d 1].) [2a] As recent decisions of this court illustrate, there is no sound basis for applying a different rule merely because production is requested prior to, rather than during, trial. Powell v. Superior Court, 48 Cal.2d 704, 707-708 [312 P.2d 698], established that an accused has the right, before trial, to obtain written statements made by him to police officers. In Vance v. Superior Court, 51 Cal.2d 92, 93 [330 P.2d 773], where a petitioner who was charged with violating section 288 of the Penal Code sought certain tape recordings for the purpose of refreshing his recollection prior to trial, we issued mandamus to compel the production not only of his own statements recorded by the police during interrogation but also of recordings which officers made of their conversation with the alleged victim and played to the petitioner while they were questioning him. And in Tupper v. Superior Court, 51 Cal.2d 263, 265 [331 P.2d 977], we recognized that it is error to deny production of a statement of a prosecution witness where there is a "proper motion before trial."
 [3] In laying a foundation for production of the documents, petitioner was not required to show that the statements prepared by the police had been signed or otherwise acknowledged by the witnesses as accurate transcriptions of what was said orally. (People v. Riser, 47 Cal.2d 566, 587-588 *425 [305 P.2d 1].) Insofar as the cases of People v. Glaze, 139 Cal. 154, 157-158 [72 P. 965], and People v. Kostal, 159 Cal.App.2d 444, 449-450 [323 P.2d 1020], are to the contrary, they are disapproved.
 [2b] Let a writ of mandate issue directing respondent to set aside its denial of petitioner's motion for production of the notes and statements in question and to issue an order permitting petitioner to inspect and copy them.
 Shenk, J., Traynor, J., Schauer, J., Spence, J., McComb, J., and Peters, J., concurred.