[Civ. No. 6172.   Fourth Dist.   Aug. 19, 1959.]

BILL FRANK NORTON, Petitioner, v. SUPERIOR COURT
OF SAN DIEGO COUNTY, Respondent.

John F. O'Laughlin for Petitioner.

James Don Keller, District Attorney, and Paul W. Swinford, Deputy District Attorney, for Respondent.

SHEPARD, J.—This cause comes before this court on a petition for writ of mandamus to direct the Superior Court of the County of San Diego to issue its order to district attorney of said county instructing said district attorney in the criminal action entitled *People of the State of California* v. *Bill Frank Norton,* to produce for the inspection and use of this petitioner (who is the defendant in said criminal action) at the trial of the above-mentioned action certain photographs of this petitioner, and for said district attorney to convey to this petitioner the names and addresses of three witnesses.

Responsive to said petition this court issued its order to show cause why said writ of mandate should not issue as requested, and further ordered the proceedings in said criminal action stayed until the further order of this court.

At the hearing before this court of said order to show cause said district attorney stated to this court that the photographs and information requested by this petitioner are in his possession. It further appears that the criminal action above referred to is now pending in said superior court; that in said action this petitioner is the defendant, and he is therein charged with the commission of four different felonies in four different counts; that one of said counts, designated "Third Count," charges the crime of robbery alleged to have been committed on or about April 20, 1959, in the county of San Diego, naming the victim as one Tom Imaizumi; that at the preliminary hearing on said count of robbery it appeared that the district attorney was in possession of two photographs which had at one time been exhibited to said victim for purposes of identification of the robbery, and that said victim and his wife were then unable from the photographs to positively identify the robber; that at a later time said victim witnesses, from a personal view of this petitioner, did positively identify this petitioner as the robber; that petitioner desires the production of said photographs at the trial for the purpose of attempted impeachment of said victim witnesses; that there

were three other eyewitnesses to said robbery, as disclosed at the preliminary examination of prosecution witnesses, whose names and addresses are known to the district attorney but unknown to this petitioner; that said three other eyewitnesses are necessary at the trial of said cause in order that the facts of said alleged robbery may be fully revealed, and that petitioner needs to interview said witnesses in order to intelligently question them at the trial concerning the facts regarding said alleged robbery; that the district attorney has refused to exhibit said photographs to this petitioner and likewise refuses to divulge the names and addresses of said three witnesses; and that upon proper application to said superior court by this petitioner for an order to the district attorney to give this petitioner the information above referred to, said superior court has denied said application and threatens to proceed to trial on said charge without this petitioner being given the information requested.

█ Matters of this kind have been before the Supreme Court of this state numerous times in recent years, and it is well settled that:

"Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits. To deny flatly any right of production on the ground that an imbalance would be created between the advantages of prosecution and defense would be to lose sight of the true purpose of a criminal trial, the ascertainment of the facts." (*People* v. *Riser*, 47 Cal.2d 566, 586 [26] [305 P.2d 1].)

It has also been stated that: " 'The prosecuting attorney is both an officer of the state and of the court, and his duty extends no further than an impartial, fair, and just trial of defendant. . . . That it was desired that the state's evidence remain undisclosed, partakes of the nature of a game, rather than judicial procedure. The state in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense and in availing himself of all competent material and relevant evidence that tends to throw light on the subject-matter on trial.' " (*Powell* v. *Superior Court*, 48 Cal.2d 704, 709 [312 P.2d 698].)

■ It has also been held that mandamus is a proper remedy to secure the production of evidentiary material improperly withheld, and that this is true both in civil and criminal cases. (*Dowell* v. *Superior Court*, 47 Cal.2d 483 [304 P.2d 1009]; *Vance* v. *Superior Court*, 51 Cal.2d 92 [330 P.2d 773].)

Our Supreme Court has also stated that "there is no sound basis for applying a different rule merely because production is requested prior to, rather than during, trial." (*Funk* v. *Superior Court*, 52 Cal.2d 423, 424 [2a] [340 P.2d 593].)

■ The district attorney has not indicated that the three additional eyewitnesses have, in fact, been subpoenaed to appear at the trial of the cause. Nor has he indicated that there is any reasonable cause to believe that any person or persons will harass said witnesses nor attempt subornation of perjury, nor that there is any other reason to believe that the names of the witnesses should be withheld until the day of trial in order that they may be protected. Thus, we are afforded no reason whatever why the names and addresses of the witnesses ought not to be afforded to the petitioner herein. It does appear that this petitioner, in defense of said action, may legitimately have reason to use the photographs referred to. It further appears that the three eyewitnesses to the robbery, whose names have been withheld, may logically be necessary to fully reveal all of the facts concerning the alleged robbery. We conclude that petitioner has made an adequate showing of his right to the information petitioned for.

Let a writ of mandate issue directing the Superior Court of the County of San Diego to order the district attorney of said county to produce for inspection and use at the trial the two photographs of petitioner referred to in the petition herein, and to furnish to petitioner the names and addresses of the three eyewitnesses so referred to as known to the district attorney and unknown to this petitioner. Upon compliance with this order the stay of proceedings is dissolved.

Griffin, P. J., and Mussell, J., concurred.