[Crim. No. 6674. Second Dist., Div. Three. Jan. 8, 1960.]

THE PEOPLE, Respondent, v. WELDON WALTER NORMAN, Appellant.

Gladys Towles Root, Eugene V. McPherson and Robert Barnett for Appellant.

Stanley Mosk, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was charged in two counts with kidnaping for the purpose of robbery in violation of section 209 of the Penal Code, in five counts with kidnaping in violation of section 207, in one count with attempted kidnaping in violation of sections 207 and 664, in six counts with rape in violation of section 261, subdivision 4, in one count with attempted rape in violation of sections 261, subdivision 4, and 664 and in two counts with robbery in violation of section 211.

A jury found defendant guilty on all counts except one of kidnaping for the purpose of robbery (XIV). As to count I, kidnaping for the purpose of robbery, the jury found defendant kidnaped and carried away a married woman for the purpose of committing robbery, that he subjected her to bodily harm in that she was raped, and fixed the penalty as life imprisonment without possibility of parole. The robberies were found to be of the first degree. The judgment as to count I was imprisonment for the term of defendant's natural life without possibility of parole; with respect to the other counts on which he was found guilty, imprisonment for the term prescribed by law, the sentences as to the other counts to run concurrently with the sentence as to count I.

Defendant appeals from the judgment and an order denying his motion for a new trial. He does not challenge the sufficiency of the evidence to sustain the verdicts. His first assignment of error is that he was denied due process of law in that the court denied his motions, made after the verdicts had been rendered, for production of documents in the possession of the People.

The verdicts were returned on July 2, 1958. On August 1, 1958, new counsel for defendant was associated with the attorney who had tried the case and a motion for a new trial was made. Various continuances of the motion for a new trial were had. On September 11, 1958, new counsel filed a notice of motion for inspection of certain documents. On December 15, 1958, new counsel filed another notice of motion for "Production of Evidence and for Certificate under P. C. § 1334.3." The motion sought an order "to compel the production of certain documents, police reports, complaints to police and sheriff offices, and medical and hospital reports all concerning the various complaining witnesses in the above entitled action and as more specifically enumerated in the Subpoenas Duces Tecum and affidavits therefor heretofore filed in this

matter.'' The subpoenas duces tecum referred to had been issued by the county clerk and were directed to the district attorney, the Los Angeles Police Department, the Glendale Police Department, and various hospitals, commanding the production of the same documents. The Glendale Police Department voluntarily gave counsel for defendant a copy of the reports sought from it. On December 16, 1958, the motions for orders requiring the production of the documents were denied. On January 29, 1959, the motion for a new trial was denied.

Defendant's complaint is that by the ruling denying production of the documents he was precluded from developing legal grounds in support of the motion for a new trial. No motion or request for production or inspection of the documents was made prior to or during the trial.

[██] It is settled in this state that *prior to trial and during the course of the trial* an accused can compel the People to permit inspection and copying or to produce in court: written statements of the accused (*Powell* v. *Superior Court,* 48 Cal.2d 704, 705-9 [312 P.2d 698]; *McAllister* v. *Superior Court,* 165 Cal.App.2d 297, 299-301 [331 P.2d 654]); transcripts of recorded statements of the accused (*Powell* v. *Superior Court, supra; Cash* v. *Superior Court,* 53 Cal.2d 72, 74 [346 P.2d 407]); written statements of prosecution witnesses relating to matters covered in their testimony (*People* v. *Riser,* 47 Cal.2d 566, 585 [305 P.2d 1]; *People* v. *Chapman,* 52 Cal.2d 95, 98 [338 P.2d 428]; *People* v. *Silberstein,* 159 Cal. App.2d Supp. 848, 849-852 [323 P.2d 591]); written statements of prosecution witnesses relating to matters covered in their testimony at the preliminary hearing (*Tupper* v. *Superior Court,* 51 Cal.2d 263, 265 [331 P.2d 977]); transcripts of tape recordings of statements made by the accused and by prosecution witnesses (*Powell* v. *Superior Court, supra; People* v. *Cartier,* 51 Cal.2d 590, 594 [335 P.2d 114]); transcripts of statements used by the prosecution in impeaching an accused's witness (*People* v. *Carter,* 48 Cal.2d 737, 752 [312 P.2d 665]); notes made by police officers of their conversations with prosecution witnesses (*Funk* v. *Superior Court,* 52 Cal.2d 423, 424 [340 P.2d 593]); photographs which had been exhibited to the victim of a robbery for the purpose of identifying the robber (*Norton* v. *Superior Court,* 173 Cal.App.2d 133, 134-136 [343 P.2d 139]); names and addresses of eyewitnesses to a crime (*Norton* v. *Superior*

*Court, supra*) ; documents in the possession of the People which are relevant and material to the defense (*People* v. *Chapman, supra*). ▮▮▮ An accused may also compel permission to hear recordings of the accused's conversations with police officers and of conversations between police officers and the purported victim. (*Vance* v. *Superior Court,* 51 Cal.2d 92, 93 [330 P.2d 773] ; *People* v. *Cartier, supra.*) No authority is cited and we have found none holding that a defendant who is aware, during the course of trial, of the existence of documents in the possession of the People which may be relevant and material to the defense and who takes no action to compel inspection or copying or production of them, has a right, after an unfavorable verdict, to compel their production.

▮▮▮ "The basis for requiring *pretrial* production of material in the hands of the prosecution is the fundamental principle *that an accused is entitled to a fair trial.*" (*Cash* v. *Superior Court, supra,* 53 Cal.2d 72, 75. Emphasis added.) ▮▮▮ "The value to defendant of seeing the statements made by the witnesses is that to do so might enable him to impeach their testimony *at the trial.*" (*Tupper* v. *Superior Court, supra,* 51 Cal.2d 263, 265. Emphasis added.)

*People* v. *Sauer,* 163 Cal.App.2d 740 [329 P.2d 962], was a prosecution for forgery. With respect to inspection of documents, the court stated (p. 743) :

"Appellant next contends that the trial court abused its discretion in not permitting pretrial inspection of the handwriting expert's report. The court denied the motion without prejudice to a renewal of the motion at the trial if it became necessary. It is contended that the basis of the prosecution's case was the testimony of the handwriting expert and that without an opportunity to examine it before trial the defense could not adequately prepare to meet it. The motion was not renewed at the trial. Pretrial inspection of reports in the hands of the prosecution is not a matter of right in all cases. The record does not show that a motion for inspection was made at the trial. Under such circumstances we do not believe that appellant is in a position to raise the point on appeal." (Also see *People* v. *Day,* 159 Cal.App.2d 572, 575-577 [323 P.2d 1051] ; *People* v. *Atchley,* 53 Cal.2d 160, 172 [346 P.2d 764].)

▮▮▮ The record is clear that the defense was well aware during the course of the trial that the complaining witnesses had reported the offenses to the police, and that some of them had been taken to hospitals where they were examined and

presumably made statements. No reason appears from the record, and none is suggested, for not having made a motion for production during the course of the trial. A defendant may not gamble on a favorable verdict and take advantage of his want of diligence in the event it is unfavorable.

We are of the opinion defendant waived any right he had to compel production of the documents; and that his motion, made long after the verdicts were rendered, was not timely. There was no denial of due process. A defendant in a criminal case has many rights, the denial of which to him would constitute a denial of due process, and yet he may waive such rights without its affecting due process. ▇▇▇ Rights of a defendant which may be waived without affecting due process are: to be brought to trial within 60 days after the filing of the information; to a public trial; to any trial at all by a plea of guilty; to trial by jury; to be confronted with the witnesses against him; to defend with counsel; to be put in jeopardy only once for the same offense by failure to raise the plea. (*In re Baird,* 150 Cal.App.2d 561, 570-571 [310 P.2d 454] and cases there cited; *People* v. *Rogers,* 150 Cal.App.2d 403, 410-415 [309 P.2d 949] ; *People* v. *Brown,* 145 Cal.App.2d 778, 780-781 [303 P.2d 68] ; *People* v. *Johns,* 173 Cal.App. 2d 38, 45 [343 P.2d 92].) ▇▇▇ Under the circumstances the court did not abuse its discretion in denying the motions for production and inspection of the documents.

The facts with respect to count I, which charged kidnaping for the purpose of robbery, were these: On December 20, 1956 Mrs. Scott, a married woman, was alone in her apartment with her 6-month-old baby, and had put the baby to bed. About 9 p.m. defendant forced his way into the apartment. He lunged forward "with his face contorting into that of a maniac." He pulled a gun with one hand, and with the other thrust Mrs. Scott's head back until she thought it would break. At the point of the gun he directed her to remove all her clothing, threatened to kill her and the baby, and accomplished an act of sexual intercourse. He then asked her if she had any money in the house, and said he wanted everything she had. She told him her purse was in the bedroom. Defendant ordered her to go to the bedroom. He followed her through the hall about 40 feet into the bedroom where she found her purse. She gave him $8.00 and he took her engagement and wedding rings which he forced her to remove from her finger. He had the gun in his hand at all times.

Penal Code, section 209, provides:

"Any person who . . . kidnaps or carries away any individual to commit robbery . . . is guilty of a felony. . . ."

█ The second assignment of error is that the "facts do not support an 'asportation' as contemplated by section 209." The point is without merit. In *People* v. *Wein*, 50 Cal.2d 383 [326 P.2d 457], it was contended that by section 209 the Legislature intended that the movement be over a substantial distance and not merely between the rooms in a dwelling. The court answered (p. 400):

"Here, the testimony of some of the victims fixed the amounts of movement at distances ranging from a few feet up to more than 50 feet. Under the reasoning and language of the Chessman case [38 Cal.2d 166 (238 P.2d 1001)], any of these distances sufficed for a conviction under the challenged section. This conduct went beyond a mere detention during the course of an armed robbery, which is no longer punishable by death. (See *People* v. *Taylor*, 135 Cal.App.2d 201 [286 P.2d 952].) To the extent that defendant's argument is predicated on legislative intent, it must be noted that the Legislature has been in session several times since the Chessman case was decided, and it has not seen fit to amend the kidnaping law to limit the rule we announced. If the section, as interpreted by this court, is regarded as too harsh, the remedy is for the Legislature to redefine kidnaping, and not for this court to engraft some uncertain distance limitation onto the plain language of the section. (See *People* v. *Knowles*, 35 Cal.2d 175, 180-183 [217 P.2d 1].)"

*People* v. *Wein, supra*, was followed in *People* v. *Chessman*, 52 Cal.2d 467, 498 [341 P.2d 679]. The facts with respect to count I make a clear case of kidnaping for the purpose of robbery.

█ Defendant also attacks the constitutionality of section 209. It was held constitutional in *People* v. *Wein, supra*, 50 Cal.2d 383, 401.

The third assignment of error is that the court erred in denying the motion for a new trial on the ground of newly discovered evidence. Count XI charged defendant with attempted rape of a high school student on February 13, 1958. The student testified that, when she succeeded in escaping from the clutches of defendant, she left a schoolbook and a notebook on the floor of defendant's automobile near the rear seat where she had put them at defendant's direction. On de-

fendant's arrest, the schoolbook and notebook were found in the trunk of his car.

Defendant testified he found the schoolbook and notebook together with a cartridge of rifle shells, a fountain pen, and a comb, behind Sears' store on Western and Melrose in Hollywood; that his mother was present. Defendant's mother testified to the same effect. On the day of his arrest defendant told a police officer no one was with him when he assertedly found the schoolbook and the notebook.

At the hearing of the motion for a new trial defendant produced two witnesses who testified they were fellow sailors on leave in the Los Angeles area the afternoon of February 14, 1958; that they saw defendant, or a person resembling defendant, pick up some articles, including a couple of books, in the parking lot of Sears' store in Hollywood and put them in a Cadillac automobile. Defendant's argument, in effect, is that the trial judge should have believed the testimony of these witnesses and, accordingly, granted a new trial.

These requirements must be fulfilled for the granting of a new trial on the ground of newly discovered evidence: (1) the evidence and not merely its materiality must be newly discovered; (2) the evidence must not be merely cumulative; (3) a different result must be probable on a retrial of the cause; (4) the party could not with reasonable diligence have discovered and produced it at the trial; (5) these facts must be shown by the best evidence which the case admits. (*People* v. *Sutton,* 73 Cal. 243, 247 [15 P. 86]; *People* v. *Beard,* 46 Cal.2d 278, 281 [294 P.2d 29]; *People* v. *Warren,* 175 Cal. App.2d 233, 245 [346 P.2d 64].) A motion for a new trial on the ground of newly discovered evidence is looked upon with disfavor, and the trial court's ruling in that regard will not be disturbed except upon a clear showing of an abuse of discretion. (*People* v. *Miller,* 37 Cal.2d 801, 807 [236 P.2d 137]; *People* v. *Greenwood,* 47 Cal.2d 819, 821 [306 P.2d 427]; *People* v. *Patterson,* 169 Cal.App.2d 179, 187 [337 P.2d 163].)

It was for the trial judge to weigh the effect of the testimony of the two witnesses. He disbelieved their stories.* They reflected a number of uncertainties and inconsistencies and may not have been at all persuasive. Further, the trial judge may have concluded that defendant could have with

---

*The trial judge said: ''I didn't believe them. I thought they were lying like rugs.''

reasonable diligence discovered and produced the evidence at the trial or that their testimony was such that a different result would not be probable on a retrial. There is nothing to suggest that he in any way abused his discretion.

The final assignment of error is that the People suppressed evidence and thereby denied defendant a fair trial. On the motion for a new trial, the affidavit set out in the margin was filed.* Defendant contends the testimony of a Miss Stone (the complaining witness in count VI, kidnaping, and count VII, rape) was replete with discrepancies, and that the failure of the district attorney to disclose the same was tantamount to the suppression of evidence and to the offering of evidence by the People with knowledge of its falsity.

There is no compulsion on the prosecution to call any particular witness or not to call a witness who may have made inconsistent statements so long as there is fairly presented to the court the material evidence bearing on the charge for which the defendant is on trial. (*People* v. *Tuthill*, 31 Cal.2d 92, 98 [187 P.2d 16]; *In re Horowitz*, 33 Cal.2d 534, 539-541 [203 P.2d 513]; *People* v. *Wein*, 50 Cal.2d 383, 402-403 [326 P.2d 457]; *People* v. *Parry*, 105 Cal.App.2d 319, 322-323 [232 P.2d 899]; *People* v. *McDaniel*, 157 Cal.App.2d 492, 500 [321 P.2d 497]. Also see *People* v. *Rickson*, 112 Cal.App.2d 475, 479 [246 P.2d 700]; *People* v. *Chapin*, 145 Cal.App.2d 740, 748 [303 P.2d 365].) The record is devoid of any

---

*"That affiant is one of the attorneys [the attorney associated about a month after verdicts returned] for the defendant herein above named; that heretofore affiant received information that the various police reports and the complaints made by the complaining witnesses to the various law enforcement agencies involved in the investigation of the crimes charged herein, are at variance with the actual evidence introduced by the prosecution, in that the descriptions of the participant did not describe the defendant, and the descriptions of the car involved did not describe the car belonging to defendant, and that the manner in which the crime was committed did not coincide with the manner testified to in court; that affiant does not know the truth of this information and cannot know the truth thereof until and unless said documents, police reports, statements to police agencies, hospital and medical reports are produced and examined; that the complete police and investigative report of the Glendale Police Department with respect by the witness Cecelia Rae Stone has been made available to affiant and attached hereto are some excerpts from that report which are hereby made a part here*f*o to illustrate the *contentions of affiant and the defendant; that a copy of said report is* available for introduction into evidence if the court so desires; that affiant is informed and believes and, therefore, avers that the production of said documents, etc., will reveal that the defendant has not been afforded a fair and impartial trial by the prosecution, and the various investigative agencies;

"That affiant believes that said documents are necessary and material in order to adequately conduct the motion for a new trial."

showing of perjury. And there is no evidence in the record that any false testimony was knowingly or otherwise caused or suffered to be introduced at the trial by any representative of the State. Defendant was fairly tried and the evidence of his guilt of the offenses for which he was convicted was overwhelming.

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 1, 1960.