[Crim. No. 4269.   First Dist., Div. Three.   Jan. 29, 1964.]

THE PEOPLE,   Plaintiff and Respondent, v.   BYRON CLARE YOUNG, Defendant and Appellant.

S. Bruce Scidmore, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—An indictment charged appellant with violation of Penal Code section 192, subdivision 3(a), (manslaughter in the driving of a motor vehicle, i.e., causing the death of Mrs. Winn) and also in two counts, charged violation of Vehicle Code section 23101 (felony drunk driving, i.e., count II charged bodily injury to Ronda Winn; count III charged bodily injury to Mrs. Winn). Appellant was further charged with, and he admitted, a prior felony convic-

tion. After trial appellant was found guilty on all counts of the indictment. As to count I (violation of Pen. Code, § 192, subd. 3(a)) the jury recommended imprisonment in the county jail. Appellant's application for probation was denied. The trial court sentenced appellant to the county jail on count I, and to the state prison on counts II and III (violation of Veh. Code, § 23101). The court further ordered that sentence on count I should run concurrently with sentences imposed on counts II and III, and that the sentences as to counts II and III should run consecutively.

There is evidence that on January 27, 1962, appellant was driving his white Comet automobile south across the Carquinez Bridge in Contra Costa County. At the same time Mrs. Esther Winn was driving her Ford automobile south on the bridge. Her daughter Ronda was riding with her as a passenger. Appellant's car collided with Mrs. Winn's car and as a result of the collision Mrs. Winn was killed and Ronda Winn was seriously injured. There was evidence that at the time of the accident appellant was under the influence of alcohol to such an extent that it impaired his ability to drive an automobile.

While proceedings were pending against appellant in the justice court, he moved for discovery and inspection of statements, recordings, reports and original notes of police officers in possession of the prosecution. Apparently no order of court was made on appellant's motion, and the record before us does not disclose any further proceedings in connection with appellant's preliminary hearing. It does appear, however, that shortly after appellant's motion for discovery was made, the grand jury returned its indictment containing charges upon which appellant was later tried and convicted.

At trial, Ronda Winn testified and was cross-examined by counsel for appellant who then learned that Ronda Winn had been interviewed by a deputy district attorney who had made certain written notes of this interview. When appellant's counsel learned of these notes he addressed the court: "Your Honor, I have a motion I would want to make out of the presence of the jury. But I would just ask that it be reserved at this time." After the cross-examination of Ronda Winn had been completed trial continued until the prosecution had completed its case and rested. Appellant then moved to strike the testimony of Ronda Winn on the ground that he had not been granted inspection of the notes of the deputy district attorney who interviewed Ronda Winn prior to trial. In ar-

gument on this motion appellant asserted he had made a written motion for discovery before the superior court and that this motion had been granted but not obeyed by the prosecution. The reporter's transcript discloses that the trial judge did find some evidence in the court records that appellant had made a motion for discovery but there was no order signed by any judge granting or denying his motion.

Appellant's first complaint on appeal is that he has been prejudiced by denial of discovery and by the trial court's later order refusing to strike the testimony of Ronda Winn. This contention has no merit. Even if appellant were entitled to discover and inspect the notes made by the deputy district attorney during the interview with the witness Ronda Winn (see *Funk* v. *Superior Court,* 52 Cal.2d 423, 424-425 [340 P.2d 593]; *People* v. *Riser,* 47 Cal.2d 566, 584-589 [305 P.2d 1]; *People* v. *Chapman,* 52 Cal.2d 95, 98 [338 P.2d 428]; *People* v. *Renchie,* 201 Cal.App.2d 1, 4 [19 Cal.Rptr. 734]), nevertheless, appellant's right to discover evidence must be timely asserted and reasonably pursued, otherwise it may be deemed waived. In the uncertain state of the record before us we cannot say that appellant has ever made a proper motion for discovery or that any court has made or declined to make an order on such a motion. If it may be said that such an order was in fact made and not obeyed, then it would seem clear that appellant waived his right to inspect the notes of the deputy district attorney when he learned of their existence during cross-examination of Ronda Winn, but did not renew his motion or insist on his right to inspect. We must assume that had appellant made a proper motion for inspection during cross-examination of Ronda Winn, the trial court would have granted it and allowed a reasonable recess for appellant's examination of the notes. (See *People* v. *Gallegos,* 180 Cal.App.2d 274, 277 [4 Cal.Rptr. 413]; *People* v. *Sauer,* 163 Cal.App.2d 740, 743-744 [329 P.2d 962].) Since appellant did not renew his motion for discovery and inspection at a time when the trial court had an opportunity to make an effective order and secure prompt compliance, he may not now claim prejudice in the refusal of the trial judge to strike the testimony of the witness. (*Funk* v. *Superior Court, supra* at pp. 423-425; *People* v. *Sauer, supra.*)

Appellant next claims error in the admission at trial of two tape recordings of conversations had with appellant shortly after the accident by a police officer and an investigator for the district attorney. There was no error in admit-

ting the tapes in evidence. A proper foundation was established for the admission of each tape, and the words spoken by appellant, and his manner of speech were relevant to the issue of his alleged intoxication at the time of the accident. (See *People* v. *Hayes,* 21 Cal.App.2d 320, 321 [71 P.2d 321]; *People* v. *Vetri,* 178 Cal.App.2d 385, 395 [2 Cal.Rptr. 795]; McCormick, Evidence, 384, 391; 58 A.L.R.2d 1024.) The words used were not important for their content, but their tone, pronunciation and manner of delivery could properly be considered by the jury in determining appellant's sobriety at the time in question. Appellant's further objection that the tapes were highly prejudicial to him because of his admitted use of foul language is equally without merit as the words were not so shocking or frequent as to outweigh the probative value of the tapes. (See *People* v. *Fratianno,* 132 Cal.App.2d 610 [282 P.2d 1002].)

The trial court sentenced appellant to the county jail as the jury recommended, for his violation of Penal Code section 192, subdivision 3(a) (causing the death of Mrs. Winn) and to the state prison for his violation of Vehicle Code section 23101 (causing bodily injury to Mrs. Winn). As we have noted, appellant was also sentenced to the state prison for violation of the Vehicle Code section (causing injury to Ronda Winn). ▆ Appellant first contends he may not be punished for the injuries caused to both his victims, since injury to both resulted from the same act. Here appellant is in error, for Penal Code section 654 upon which he relies does not prohibit multiple punishment which concerns multiple victims. (*Neal* v. *State of California,* 55 Cal.2d 11, 20, 21 [9 Cal.Rptr. 607, 357 P.2d 839].) ▆ Appellant correctly contends, however, and the Attorney General admits, that appellant has been subjected to multiple punishment for his single act concerning the victim Mrs. Winn. (See *People* v. *Tideman,* 57 Cal.2d 574, 580-581 [21 Cal.Rptr. 207, 370 P.2d 1007]; 2 Witkin, Cal. Crimes, 900-916.) ▆ Penal Code section 654 not only prohibits multiple punishment of offenses listed in the Penal Code, but applies to punishment provided by other codes also. (See *People* v. *Brown,* 49 Cal.2d 577, 591, footnote 4 [320 P.2d 5].) ▆ Here appellant has been sentenced for a violation of the Penal Code (§ 192, subdivision 3(a)) and for violation of the Vehicle Code (§ 23101). Both offenses arise out of his single act. Penal Code section 654 is clearly applicable, and although we do not reverse the conviction, the sentence as to one offense must be reversed and set aside. (See *People* v. *McFarland,* 58 Cal.2d 748, 763

[26 Cal.Rptr. 473, 376 P.2d 449].) ▇ Appellant argues that his violation of Vehnicle Code section 23101 is a lesser included offense embraced within his violation of Penal Code section 192, subdivision 3(a), and hence his prison sentence for violation of Vehicle Code section 23101 must be reversed. This is not correct. ▇ As stated in *People* v. *Greer*, 30 Cal.2d 589, 596 [184 P.2d 512] : "... where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (See also *Neal* v. *State of California, supra*.) ▇ Manslaughter in the driving of a vehicle (Pen. Code, § 192, subd. 3(a)) need not be committed by a person under the influence of alcohol, and felony drunk driving (Veh. Code, § 23101) need not result in the death of the person injured. Neither offense, therefore, is necessarily included in the other.

In *People* v. *Seiterle*, 59 Cal.2d 703, 712 [31 Cal.Rptr. 47, 381 P.2d 927], the Supreme Court said : "... only one, the more serious offense, may be punished. Where two sentences are erroneously imposed, the error can readily be cured on appeal, if important, by reversing the judgment as to the lesser sentence." ▇ Here we must determine which is the more serious offense, violation of Penal Code section 192, subdivision 3(a) (manslaughter) or violation of Vehicle Code section 23101 (felony drunk driving) and reverse and set aside the sentence for the lesser offense. (See *People* v. *McFarland, supra*, at p. 748.) A comparison of the punishment which may be imposed for violation of Penal Code section 192, subdivision 3(a) (Pen. Code, § 193) with that which may be imposed for violation of Vehicle Code section 23101 establishes violation of Vehicle Code section 23101 as the more serious offense. Penal Code section 193 authorizes the jury to recommend by their verdict that punishment for violation of Penal Code section 192, subdivision 3(a), be by imprisonment in the county jail. The jury made such a recommendation in this case, and the trial court, in imposing sentence, followed the jury's recommendation. Thus, in legal effect, appellant's violation of Penal Code section 192, subdivision 3(a), was reduced to the status of a misdemeanor. No such provision is found in Vehicle Code section 23101. While the offenses described in both sections may be punished by an upper limit of five years in prison, the Vehicle Code section provides for a minimum sentence of 90 days in the county jail. The Penal Code contains no minimum penalty for violation of Penal Code section 192, subdivision 3(a). Moreover,

the Vehicle Code section provides for a fine of not less than $250 nor more than $5,000, while no punishment by way of fine is found in the Penal Code. We conclude that violation of Penal Code section 192, subdivision 3(a), is the less serious offense, and that the sentence imposed for its violation must be set aside.

The judgment is reversed insofar as it imposes a sentence upon appellant for violation of Penal Code section 192, subdivision 3(a), the appeal from denial of motion for a new trial is dismissed, and in all other respects the judgment is affirmed.

Draper, P. J., and Devine, J., concurred.