[Crim. No. 14284. In Bank. Mar. 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
WELDON WALTER NORMAN, Defendant and Appellant.

COUNSEL

Herbert E. Selwyn, under appointment by the Supreme Court, for Defend-and and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

THE COURT.—Weldon Walter Norman was found guilty on one count of kidnaping for the purpose of robbery (Pen. Code, § 209), five counts of kidnaping (Pen. Code, § 207), one count of attempted kidnaping (Pen. Code, §§ 207 and 664), six counts of rape (Pen. Code, § 261, subd. 4), one count of attempted rape (Pen. Code, §§ 261, subd. 4, and 664), and two counts of first degree robbery (Pen. Code, § 211). The judgment was affirmed (*People* v. *Norman* (1960) 177 Cal.App.2d 59 [1 Cal.Rptr. 699]); we denied a petition for hearing in March 1960, and certiorari was denied in October 1960. In 1969 Norman filed an application with the Court of Appeal for recall of the remittitur, presenting the sole contention that his case should be reconsidered in the light of *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225]. The Court of Appeal denied the application, and we granted a petition for hearing and transferred the application to this court.

In the course of the robbery-rape of which Norman was convicted in count I, he caused his victim to move across the living room and into the bedroom of her house. These movements were merely incidental to the robbery and did not substantially increase the risk of harm beyond that inherent in the robbery itself. (*People* v. *Daniels* (1969) *supra*, 71 Cal.2d 1119, 1139.)[1]

For the reasons stated in *People* v. *Mutch, ante*, p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], Norman was therefore convicted of kidnaping to commit robbery under a statute which did not prohibit his acts at the time he committed them, and is entitled to a recall of the remittitur in his appeal and an order vacating the judgment on count I.

The cause is retransferred to the Court of Appeal for the Second Appel-

---

[1]The contrary is true of the movements of the victims in the other kidnapings of which Norman was convicted.

late District with directions to recall its remittitur in *People* v. *Norman,* Crim. 6674, and to issue a new remittitur vacating the judgment on count I and affirming the judgment in all other respects.

**SULLIVAN, J.**—For the reasons set forth in my concurring and dissenting opinion in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], I concur in the majority's disposition of this case.

**BURKE, J.**—I dissent for the reasons set forth in my dissent in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633]. In my opinion the application for recall of the remittitur should be denied.

McComb, J., concurred.

**ROTH, J.***—I dissent for the reasons set forth in my dissent in *People* v. *Hunter, ante,* p. 432 [93 Cal.Rptr. 746, 482 P.2d 658]. In my opinion the application for recall of the remittitur should be denied.

Respondent's petition for a rehearing was denied April 22, 1971. Wright, C. J., and Mosk, J., did not participate therein. Kaus, J.,* and Roth, J.,* participated therein.

---

*Assigned by the Acting Chairman of the Judicial Council.