[Crim. No. 6745.   In Bank.   Oct. 4, 1960.]

THE PEOPLE, Respondent, v. FERNANDO ESTRADA, Appellant.

Bradford A. Arthur for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Douglas MacRae, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Defendant was convicted on two counts of selling heroin in violation of former section 11500 of the Health and Safety Code.* He contends that the trial court committed prejudicial error in refusing to order the production of notes which the principal witness for the prosecution, Police Officer Villalba, used to refresh his recollection before testifying.

Villalba testified that on December 10, 1958, while working as an undercover officer, he purchased heroin from a man he identified as defendant. The capsules of heroin were contained in a "LeRoy's Jewelers credit envelope" which bore the number 325052. At that time the seller said his nickname was "Mono," and he wrote a telephone number on a page of a magazine, which he gave to the officer. On the morning of December 17 Villalba called the number, and, after the person who answered said that he was Mono, arrangements were made for a second sale at the same place. Later that morning Villalba met the seller, who was talking to two persons sitting in a green 1949 or 1950 Chevrolet, and made a second purchase of heroin. Villalba testified that he had

*The provisions of former section 11500 of the Health and Safety Code relating to the sale of heroin are now contained in section 11501.

worked on narcotics cases for about seven months, that he had made purchases of narcotics from approximately 67 different individuals, and that he did not see defendant after the second sale until February 21, 1959, following defendant's arrest.

On cross-examination Villalba testified that at the grand jury hearing he had refreshed his recollection by using notes which had been typed by the secretary at the narcotics division, that it was necessary for him to look at those notes before giving his testimony there, and that prior to testifying at the trial he had refreshed his memory by reading the transcript of his testimony before the grand jury. Defendant's motion for the production of these notes was denied.

The only other witness for the prosecution was a police chemist who, as an expert, testified that his analysis showed that the material purchased by Villalba was heroin.

Defendant testified that he did not remember where he was on the mornings of December 10 and 17, 1958, that he had not made any sales of narcotics to Villalba, and that he had not written the telephone number on the magazine page given to the officer, although it was his number. He said that he had never been known by the name "Mono," that this was the nickname of his brother Pedro, who often came to his house during the month of December 1958, and that Pedro had received telephone calls there. Defendant's wife owned a green 1950 Chevrolet which was sometimes used by Pedro during the month of December. The number on the credit envelope involved in the first sale was defendant's account number at LeRoy's Jewelers, and he had similar envelopes at home.

Pedro testified that he was called by the nickname "Mono," that he had frequently gone to defendant's house during the month of December 1958 and received telephone calls there, and that on the morning of December 17 he was there with a couple of friends and had used his sister-in-law's car for about an hour. He said that he did not remember making either of the sales testified to by Villalba or writing the telephone number on the magazine page, that he did not know whether the writing was his but that it was the way he made numbers. He testified that he had previously been convicted of possessing narcotics and was at present charged with that offense. He refused to answer questions as to whether he had previously admitted to others that he was guilty of the offenses charged against defendant. Another brother, Victor, also testified that Pedro was known by the nickname "Mono."

It was error to deny defendant's motion for production of

the notes used by Villalba. ▮ Either before or during trial, an accused can compel the People to produce the written statement of a prosecution witness relating to matters covered in his testimony. ▮ In laying a foundation for production, the accused is not required to show that the document was signed by the witness or otherwise acknowledged by him as accurate or that there is any inconsistency between the statement and the testimony of the witness. (*Funk* v. *Superior Court*, 52 Cal.2d 423, 424 [340 P.2d 593] ; *People* v. *Chapman*, 52 Cal.2d 95, 98 [338 P.2d 428].) As pointed out in the Chapman case, the value of obtaining such a statement is that it may contain contradictions of the testimony of the witness, may omit some facts related by him at the trial, or may reveal a contrast in the emphasis placed on the same facts. A defendant is not ordinarily in a position to show such matters until he has seen the statement.

▮ We are satisfied that in the light of the entire record the error must be held to be prejudicial. The record does not show whether defendant resembled his brother Pedro, but there is evidence which suggests that this may be a case of mistaken identity and that Pedro may be the guilty one. Villalba is the only witness whose testimony connected defendant with the offenses. He made a great number of narcotics purchases during the seven months he worked as an undercover officer, and two months elapsed between the second sale and the time he saw defendant following the arrest. While some of the physical evidence, such as the envelope bearing the number of defendant's account, tends to implicate him, it is also consistent with Pedro's guilt.

The judgment and the order denying a new trial are reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

Respondent's petition for a rehearing was denied October 26, 1960.