[Crim. No. 7850.   Second Dist., Div. Four.   July 30, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILTON ARTHUR HAUSER et al., Defendants and Appellants.

William T. Pillsbury and Ernest L. Graves for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the district attorney defendants were charged with four counts of violation of section 11531 and in count V with violation of section 11530 both of the Health and Safety Code. A prior conviction for possession of marijuana was charged as to defendant Cutkomp. Both defendants entered pleas of not guilty. Defendant Cutkomp refused to enter a plea as to the prior and a denial was entered by the court. Later defendant Cutkomp admitted the prior and entered a plea of guilty to count V. After a jury trial each defendant was found guilty on all of the remaining counts charged. A probation report was ordered; probation was denied, and each defendant was sentenced to state prison for the term prescribed by law with sentences to run concurrently. Both defendants appeal from the judgments and from the order denying their motions for new trial.

A résumé of the facts material here follows: Paul Edward Pulliam testified he was an agent for the Bureau of Narcotic Enforcement of the State of California. His assignment was involved in undercover activities; primarily, making purchases from dope peddlers and observing their activities. He further testified that he made four purchases from defendants. Defendants through their counsel concede on this appeal there is no issue raised or asserted as to sufficiency of evidence to support the verdicts rendered by the jury. Further, defendants concede on the question of entrapment that the jury was adequately instructed on the subject and that their verdicts are final, there being ample evidence to support them, with which we agree.

Two points are raised in this appeal: (1) Defendants were denied a fair trial in violation of Article I, section 13 of the California Constitution and the 14th Amendment of the Constitution of the United States by the State's failure to produce certain police reports for the defendants' inspection; (2) the prosecution was guilty of prejudicial misconduct.

As to the first point raised on appeal by defendants,

we find this contention is without merit. Defendants requested before any testimony was taken that they should be supplied with crime reports prepared by the witness Pulliam and in respect to this request the district attorney made the following statement: "I have made my entire file available to counsel and if and when any other reports come to my attention that are to be used in this trial I can assure counsel he will have ample opportunity to use those. I make my entire file available to him."

After a rebuttal witness was called he testified that he had made some notes which were in a file in Sacramento. Defendants moved for production of this memoranda. The district attorney said it was in Sacramento. The trial court then offered defense a continuance so it could be obtained or produced. Defendants declined the offer and said they were ready to proceed. The trial did proceed.

As stated in *People* v. *Nothnagel,* 187 Cal.App.2d 219, 222 [9 Cal.Rptr. 519], "It is true that under the present law a defendant can compel the prosecution to permit the inspection and copying or production in court of certain written statements of the accused and other papers and instruments. [Citation.] Where, however, no proper demand is made by the defendant for the desired document or report, the prosecution cannot be expected to volunteer the information to the defendant."

There is no rule pursuant to discovery proceedings that requires the prosecution voluntarily to produce all documents for the defense. They can, of course, be obtained upon demand for their production, and a violation of the right to discovery may be ground for reversal on appeal from a judgment of conviction. (See *People* v. *Estrada,* 54 Cal.2d 713 [7 Cal.Rptr. 897, 355 P.2d 641] ; *People* v. *Cartier,* 51 Cal.2d 590 [335 P.2d 114].)

The defendants here requested the inspection of certain reports. The district attorney opened his entire file to their inspection. Later, when it became apparent from the testimony of a witness that there was a report in the files of the narcotics department in Sacramento, the court offered and suggested a continuance of the case to permit defendants to have the report available. Defendants thereupon withdrew their request for the report and objected to any continuance for this purpose. Defendants thereby waived any right they may have had to compel the production of the documents.

As stated in *People* v. *Norman,* 177 Cal.App.2d 59,

65 [1 Cal.Rptr. 699], "A defendant in a criminal case has many rights, the denial of which to him would constitute a denial of due process, and yet he may waive such rights without its affecting due process." A defendant cannot gamble on a favorable verdict and then take advantage of his want of diligence in the event it is unfavorable.

The prosecutor was not under any affirmative duty to produce records of which he had no knowledge. We must assume that he acted entirely in good faith in opening his file to defense counsel and that he had no personal knowledge of any other reports.

Defendant next contends the prosecutor was guilty of prejudicial misconduct in his argument to the jury. This contention is devoid of merit. Defendant complains that in the closing argument the district attorney said, "Now, Mr. Graves, [defense counsel], in his very excellent, impassioned plea to you yesterday said something about the consequences to Cutkomp's life are very severe, which was obviously a disguised attempt to induce you to do that which the Court will instruct you you may not do, that is, to consider the punishment. I don't know, from the evidence before you, if that is even true or not. We know that those consequences were not so dreadful before on Cutkomp. He is on the street, isn't he, peddling marijuana hucklebug from 1955."

To this closing argument by the district attorney defense counsel made no objection. ▇ "As stated in *People* v. *Berryman* (1936) 6 Cal.2d 331, 337 [57 P.2d 136], 'The general rule regarding misconduct of the district attorney which tends to and is likely to result in prejudice to the defendant is that where no objection is made to such misconduct by the defendant, or where objection is made and the court sustains the objection and properly admonishes the jury, the misconduct claimed to be prejudicial to defendant's rights will not furnish grounds sufficient to justify the granting of a new trial or the reversal of the judgment.'. . ." (*People* v. *Lyons*, 50 Cal.2d 245, 262 [324 P.2d 556].)

Nothing said in the prosecutor's argument to the jury was of sufficient weight or importance to justify a reversal. A review of the evidence in this case indicates defendants did have a fair trial and were not denied due process of law.

Judgments and orders denying motion for new trial are affirmed.

Burke, P. J., and Balthis, J., concurred.