**D. MORTON, Appellant,**

v.

**James CARELLI, Appellee.**

**No. 842.**

Supreme Court of Alaska.

Feb. 13, 1968.

Helen L. Simpson, Anchorage, for appellant.

M. Ashley Dickerson, Anchorage, for appellee.

Before NESBETT, C. J., DIMOND and RABINOWITZ, JJ.

13. State v. Wolf, 44 N.J. 176, 207 A.2d 670, 675–676 (1965).

NESBETT, Chief Justice.

## OPINION

Appellant sued to recover her commission on a real estate broker's contract. After a trial before the court, judgment was awarded to defendant appellee on the grounds that appellant had not produced an able and willing buyer, and that a satisfactory refinancing of appellee's obligations, which was a condition of the sale, had not been arranged.

Appellant's main point on appeal is that the trial court erred when it refused to permit her to examine certain bank records which a witness had used to refresh his recollection before coming to court to testify.

The record reflects that after both sides had rested and court had reconvened for the purpose of hearing final argument, counsel for appellant moved to strike the witness Linton's testimony. This motion was grounded on the fact that the witness had used writings to refresh his recollection prior to coming to court which were not produced in court for the examination of opposing counsel.

The court denied the motion on the ground that it came too late in the trial, pointing out that counsel could argue the weight of the testimony and that the court would accord it only the weight to which it was entitled. The court also denied what it construed to have been an earlier motion for continuance of the trial so that the witness Linton could be subpoenaed along with his records.

The record reflects that Linton was employed in the bank which had been approached with respect to financing appellee's obligations. He had sat in court during the first day and one half of trial and was finally called to the stand as a witness for appellee on the afternoon of the second day. During cross-examination he stated that he had reviewed the bank file on the real estate loan application before coming to court, but had not brought the file along. In response to a question, he stated that if the file was desired it would have to be subpoenaed. When counsel for appellant had concluded cross-examination, counsel for appellee declined to further examine the witness. In response to the court's inquiry, counsel for both sides then specifically agreed that the witness could be excused from further attendance at the trial.

After counsel for appellant had examined and excused a rebuttal witness, she requested a continuance of the trial so that she could subpoena the witness Linton and his records. Trial counsel for appellee objected on the grounds that there had been an opportunity to subpoena the witness while he sat in court and that for four months prior to trial he and the records had been available for the taking of a deposition.[1] The court stated that it wanted to "conclude this matter this afternoon" but did not rule on the motion. Counsel for appellant was then asked if she rested and replied "Yes".

Appellant cites Civil Rule 43(g) (9) [a] and [b],[2] Wigmore on Evidence,[3] and sev—

1. Appellee's pre-trial memorandum, filed approximately three weeks before trial listed Jack Linton as a witness who would be called by defendant.

2. Civ.R. 43(g) (9) states:

   [a] A witness may refresh his memory respecting a fact by anything written by himself or under his direction at the time when the fact occurred or immediaely thereafter, or at any other time when the fact was fresh in his memory and he knew that the same was correctly stated in the writing. Any such writing may be inspected by the adverse party who may cross ex-

amine the witness and read the writing to the jury.

   [b] A witness may also testify from such a writing even though he retains no recollection of the particular facts. In such a case the evidence shall be received with caution.

3. 3 J. Wigmore, Evidence, § 762, at 111 (3rd ed. 1940) states in part:

   The rule should apply, moreover, to a memorandum *consulted* for refreshment *before trial* and not brought by the witness into court; for, though there is no objection to a memory being thus stimulated, yet the risk of imposi-

eral cases in support of her request that this court rule that adverse counsel is entitled to examine any document relied upon by a witness to refresh memory, regardless of whether the document was used in the courtroom.

In People v. Gallardo [4] the Supreme Court of California construed a statute in substance identical to Alaska's Civil Rule 43(g) (9) [a]. The court pointed out that the statute was a codification of the common law rule and that the majority of jurisdictions applying the rule had held that production of notes for inspection may be compelled only where the witness uses them while on the stand and not where he refreshes his memory with them before being examined. The court cited Goldman v. United States, 316 U.S. 129, 132, 62 S.Ct. 993, 86 L.Ed. 1322, 1326 (1942); Lennon v. United States, 20 F.2d 490, 493–494 (8th Cir. 1927); State v. Magers, 36 Or. 38, 58 P. 892, 893–896 (1899).[5]

■ We are in accord with the majority rule. In our opinion Civil Rule 43(g) (9) [a] and [b] applies only in those instances where an independent recollection is refreshed or a past recollection is revived by the examination by the witness of a writing while on the witness stand.

■ This holding should not be construed as precluding a party from employing any of the usual methods of obtaining access to all evidence pertinent to a determination of the issues. What we hold is that Civil Rule 43(g) (9) [a] and [b] do not require that every writing that may have been used to refresh recollection at any time before coming to court must be made available in court for inspection by the opposite party at the time the witness testifies.

■ In the case before us the refinancing of $35,000 of appellee's existing property indebtedness was made a written condition of the "Receipt and Agreement to Purchase". Appellant was advised by appellee's pre-trial memorandum, filed approximately three weeks before trial that Linton, who was known to all of the par-

tion and the need of safeguard is just as great. It is simple and feasible enough for the Court to require that the paper be sent for and exhibited before the end of the trial.

4. 41 Cal.2d 57, 257 P.2d 29, 35 (1953).

5. To the same effect see Dragash v. Western Pac. R.R., 161 Cal.App.2d 238, 326 P.2d 649, 652 (1958). *But see* People v. Estrada, 54 Cal.2d 713, 7 Cal. Rptr. 897, 355 P.2d 641, 642 (1960) where it was held to be reversible error for the trial court not to compel the production of notes used before trial to refresh recollection by the principal witness for the government in a heroin case, where the principal witness was the only witness and there was a question of a case of mistaken identity. Subsequent to 1960 and until January 1, 1967, California appears to have followed the ruling of Estrada in criminal cases, but not in civil cases. The California Code of Evidence was amended, effective January 1, 1967, by Section 771 which states:

§ 771. *Production of writing used to refresh memory*
(a) Subject to subdivision (c), if a witness, either while testifying or prior thereto, uses a writing to refresh his memory with respect to any matter about which he testifies, such writing must be produced at the hearing at the request of an adverse party and, unless the writing is so produced, the testimony of the witness concerning such matter shall be stricken.
(b) If the writing is produced at the hearing, the adverse party may, if he chooses, inspect the writing, cross-examine the witness concerning it, and introduce in evidence such portion of it as may be pertinent to the testimony of the witness.
(c) Production of the writing is excused, and the testimony of the witness shall not be stricken, if the writing:
(1) Is not in the possession or control of the witness or the party who produced his testimony concerning the matter; and
(2) Was not reasonably procurable by such party through the use of the court's process or other available means.

ties, would be called as a witness. Appellant had ample time to take Linton's deposition; or she could have subpoenaed the bank records to be produced at the commencement of the trial; or, by refusing to agree that he could be excused from further attendance at the trial and requiring his continued presence in court for a short period of time, counsel could have caused to be issued and served upon Linton a subpoena to produce the bank records forthwith.

Counsel for appellant made no request of the trial court while Linton was on the witness stand that he be ordered to produce the bank records forthwith, a right which she now contends was accorded her by the wording of Civil Rule 43(g) (9) [a] and [b]. Instead, counsel consented that Linton be excused from further attendance at the trial.

Appellant has made no attempt to show that her case was prejudiced by not being granted a continuance or that the trial

court abused its discretion. We accordingly hold that no error was committed.

■ We shall not discuss the remaining specifications of error mentioned in appellant's brief for the reason that they are in the nature of attacks on the sufficiency of the evidence, and our review of the record indicates that there is substantial evidence supporting the findings of the trial court.

The judgment below is affirmed.

RABINOWITZ, Justice (concurring).

Although I concur in the disposition of the merits of the appeal, I disagree with the majority's construction of Civil Rule 43(g) (9) [a].[1] If a witness has in fact refreshed his memory prior to testifying, then such writing also should be subject to inspection by the adverse party. 3 J. Wigmore, Evidence § 762, at 111 (3d ed. 1940); C. McCormick, Evidence § 9, at 17 (1954).[2] In this manner the rule's policies of avoidance of false testimony and the ascertainment of truth through enlightened cross-examination would be furthered.

---

1. I agree with the disposition of this particular issue because appellant did not timely move for inspection of the file in question.

2. Civ.R. 43(g) (9) [a] in part provides that a witness may refresh his memory

"by anything written by himself or under his direction at the time when the fact occurred or immediately thereafter, or at any other time when the fact was fresh in his memory and he knew that the same was correctly stated in the writing."