[Crim. No. 14283. In Bank. Mar. 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ELZIA COLEMAN, Defendant and Appellant.

## COUNSEL

Elzia Coleman, in pro. per., and Jack A. Dahlstrum, under appointment by the Supreme Court, Irwin R. Miller and Dahlstrum, Walton & Butts for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Elzia Coleman was found guilty of kidnaping for the purpose of robbery. (Pen. Code, § 209) and first degree robbery (Pen. Code, § 211). In 1964 in an unpublished opinion the Court of Appeal, after concluding that the robbery and kidnaping were incident to one objective, reversed the judgment "insofar as it imposes a sentence for robbery" and affirmed it in all other respects. We denied a petition for hearing. In November 1969 Coleman filed an application with the Court of Appeal for recall of the remittitur, presenting the sole contention that his case should be reconsidered in the light of *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225]. The application was denied, and we granted a petition for hearing and transferred the application to this court.

In the course of robbing a retired dentist in his home, Coleman caused him to move through various rooms in search of money. These movements were merely incidental to the robbery and did not substantially increase the risk of harm beyond that inherent in the robbery itself. (*People* v. *Daniels* (1969) *supra,* 71 Cal.2d 1119, 1139.)

For the reasons stated in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], Coleman was therefore convicted of kidnaping to commit robbery under a statute which did not prohibit his acts at the time he committed them, and is entitled to a recall of the remittitur in his appeal and an order vacating the judgment on the kidnaping count.

The cause is retransferred to the Court of Appeal for the Second Appellate District with directions to recall its remittitur in *People* v. *Coleman,* Crim. 9245, and to issue a new remittitur vacating the judgment on count I and affirming the judgment on count II.

**SULLIVAN, J.**—For the reasons set forth in my concurring and dissenting

opinion in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], I concur in the majority's disposition of this case.

**BURKE, J.**—I dissent for the reasons set forth in my dissent in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633]. In my opinion the application for recall of the remittitur should be denied.

McComb, J., concurred.

**ROTH, J.***—I dissent for the reasons set forth in my dissent in *People* v. *Hunter, ante,* p. 432 [93 Cal.Rptr. 746, 482 P.2d 658]. In my opinion the application for recall of the remittitur should be denied.

Respondent's petition for a rehearing was denied April 22, 1971. Wright, C. J., and Mosk, J., did not participate therein. Kaus, J.,* and Roth, J.,* participated therein. Burke, J., and Roth, J.,* were of the opinion that the petition should be granted.

---

*Assigned by the Acting Chairman of the Judicial Council.