[Crim. No. 14338. In Bank. Mar. 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES MORRISON, Defendant and Appellant.

CONSEL

James Morrison, in pro. per., and Paul M. Posner, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**THE COURT.**—James Morrison was found guilty of kidnaping for the purpose of robbery (Pen. Code, § 209) and two counts of first degree robbery (Pen. Code, § 211). In 1964 the Court of Appeal affirmed the judgment generally, but modified it to provide that "No sentence is pronounced" on one of the robbery counts because of the prohibition against double punishment (Pen. Code, § 654). (*People* v. *Morrison* (1964) 228 Cal.App.2d 707 [39 Cal.Rptr. 874].) We denied a petition for hearing. In 1969 Morrison filed an application with the Court of Appeal for recall of the remittitur, contending that his case should be reconsidered in the light of *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225].[1] The application was denied, and we granted a petition for hearing and transferred the application to this court.

In the course of robbing one person in the confines of a private residence, Morrison caused her to move up and down the stairs and into various rooms. These movements were merely incidental to the robbery and did not substantially increase the risk of harm beyond that inherent in the robbery itself. (*People* v. *Daniels* (1969) *supra,* 71 Cal.2d 1119, 1139.)

For the reasons stated in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], Morrison was therefore convicted of kidnaping to commit robbery under a statute which did not prohibit his acts at the time

---

[1]As additional grounds for relief, Morrison complains of a variety of alleged errors of constitutional dimensions occurring at his trial in 1962 (e.g., that the court allowed the introduction of a coerced confession and incriminating evidence discovered as a result thereof and obtained by an illegal search and seizure). But Morrison had two appeals on the merits—the first in pro. per. and the second with counsel—from the judgment of conviction rendered in that trial (212 Cal.App.2d 33; 228 Cal.App.2d 707), and in neither appeal did he raise any of the errors now claimed. He furnishes no explanation for failing to do so, and in the absence of special circumstances excusing such failure neither habeas corpus nor the ancillary remedy of recall of the remittitur will lie. (*In re Dixon* (1953) 41 Cal.2d 756, 759 [264 P.2d 513], and cases cited.)

he committed them, and is entitled to a recall of the remittitur in his appeal and an order vacating the judgment on the kidnaping count.

The cause is retransferred to the Court of Appeal for the Second Appellate District with directions to recall its remittitur in *People* v. *Morrison,* 212 Cal.App.2d 33 [27 Cal.Rptr. 828], and to issue a new remittitur vacating the judgment on count II and affirming the judgment on counts III and IV.

**SULLIVAN, J.**—For the reasons set forth in my concurring and dissenting opinion in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], I concur in the majority's disposition of this case.

**ROTH, J.**\*—I dissent for the reasons set forth in my dissent in *People* v. *Hunter, ante,* p. 432 [93 Cal.Rptr. 746, 482 P.2d 658]. In my opinion the application for recall of the remittitur should be denied.

McComb, J., concurred.

Respondent's petition for a rehearing was denied April 22, 1971. Wright, C. J., Mosk, J., and Burke, J., did not participate therein. Kaus, J.,\* Roth, J.,\* and Ford, J.,\* participated therein. Roth, J.,\* was of the opinion that the petition should be granted.

---

\*Assigned by the Acting Chairman of the Judicial Council.