[Crim. No. 14160. In Bank. Mar. 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT HUNTER, Defendant and Appellant.

**COUNSEL**

Caryl Warner for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**—Robert Hunter was found guilty by a jury on one count of kidnaping for the purpose of robbery (Pen. Code, § 209) and three counts of robbery (Pen. Code, § 211). In 1964 in an unpublished opinion by the Court of Appeal the judgment was affirmed; the sentence imposed on one of the robbery counts was set aside as double punishment under Penal Code section 654, but the conviction on that count was upheld. Later in 1964 this court denied a petition for hearing. In 1969 Hunter's attorney filed an application with the Court of Appeal for recall of the remittitur or habeas corpus, contending in part that the appeal should be reconsidered in the light of *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225]. The Court of Appeal denied the application, and he petitioned this court for a hearing. We denied further review of the petition for habeas corpus, but granted the petition for hearing with respect to the application to recall the remittitur and transferred the matter to this court.

In the course of robbing three persons in a private residence, Hunter and his companions caused them to move through various rooms in search of valuables. These movements were merely incidental to the robberies and did not substantially increase the risk of harm beyond that inherent in the robberies themselves. (*People* v. *Daniels* (1969) *supra,* 71 Cal.2d 1119, 1139.)

For the reasons stated in *People* v. *Mutch, ante,* p. 389 [93 Cal. Rptr. 721, 482 P.2d 633], Hunter was therefore convicted of kidnaping to commit robbery under a statute which did not prohibit his acts at the time he committed them, and is entitled to a recall of the remittitur in his appeal and an order vacating the judgment on the kidnaping count.

The cause is retransferred to the Court of Appeal for the Second Appellate District with directions to recall its remittitur in *People* v. *Hunter & Hubbard,* Crim. 8857, and to issue a new remittitur vacating the judgment as to defendant Hunter on count IV and affirming the judgment on counts I, II, and III.

**SULLIVAN, J.**—For reasons set forth in my concurring and dissenting opinion in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], I concur in the majority's disposition of this case.

**BURKE, J.**—I dissent for the reasons set forth in my dissent in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633]. In my opinion the application for recall of the remittitur should be denied.

McComb, J., concurred.

**ROTH, J.**\*—I dissent.

The majority in *Mutch* assume that the settled and accepted principles which govern a court's power to construe and reconstrue the terms of a constitution (see Cardozo, Nature of the Judicial Process (1928)) extend to a statute which has already been definitively construed by the court.

There is considerable doubt, however, that a statute may be thus reconstrued. (*James* v. *United States,* 366 U.S. 213 [6 L.Ed.2d 246, 81 S.Ct. 1052], Black, J., dissenting;[1] *Douglass* v. *Pike County,* 101 U.S. 677, 687 [25 L.Ed. 968, 971]; *County of Los Angeles* v. *Faus,* 48 Cal.2d 672, 681 [312 P.2d 680]; *People* v. *Hallner,* 43 Cal.2d 715, 719 [277 P.2d 343].) Realistically, it is difficult to amend a constitution. However, the Legislature is not similarly hampered in the case of a statute.

Assuming that the court has the power to reinterpret a statute, a definitive interpretation of which was reiterated for approximately 20 years (*People* v. *Daniels,* 71 Cal.2d 1119, 1128 [80 Cal.Rptr. 897, 459 P.2d

---

\*Assigned by the Acting Chairman of the Judicial Council.

[1] See the lucid analysis of Black's dissent in *James* in Comment (1962) 71 Yale Law Journal 907 at page 925: "When the Court changed by judicial decision a statutory interpretation which Congress knew of for fifteen years and left standing for fifteen years, it 'passed beyond the interpretation of the tax statute and proceeded substantially to amend it.' [fn. omitted]. The thrust of this argument would appear to be that the first judicial interpretation of a statute gives a possibly ambiguous phrase a settled meaning and that any change in that meaning should be made by the legislature, particularly where the legislature can be said to have acquiesced in the substance of the judicial interpretation. For a court to change that meaning in such circumstances, in other words, is for it to amend a statute which Congress has declined to amend. [fn. omitted]."

225]), I cannot agree that a reinterpretation of the kidnaping statute should have retroactive application.

If the Legislature, acting within the scope of its function and responsibility, had changed the statute to meet the requirements of "a current of common sense" (*People* v. *Daniels, supra,* at p. 1127), the amended statute would in all probability be prospective in operation. (Pen. Code, § 3; *People* v. *Durbin,* 64 Cal.2d 474, 478 [50 Cal.Rptr. 657, 413 P.2d 433]; *In re Estrada,* 63 Cal.2d 740, 746 [48 Cal.Rptr. 172, 408 P.2d 948].)

Since it is the court that makes the change in the statute it should be governed by the same principles as would have ordinarily governed the Legislature; in the alternative, the court should be governed by the guidelines set forth in *Linkletter* v. *Walker,* 381 U.S. 618 [14 L.Ed.2d 601, 85 S.Ct. 1731] and its progeny to determine whether its new interpretation should have retroactive or prospective effect. These guidelines are discussed in the dissent of Burke, J., in *People* v. *Mutch, ante,* p. 389 [93 Cal. Rptr. 721, 482 P.2d 633]. I concur in that dissent. I believe the guidelines compel prospective application of the doctrine of *Daniels.*

In my opinion, the application for recall of the remittitur should be denied.

Respondent's petition for a rehearing was denied April 22, 1971. Wright, C. J., and Mosk, J., did not participate therein. Kaus, J.,* and Roth, J.,* participated therein. Burke, J., and Roth, J.,* were of the opinion that the petition should be granted.

---

*Assigned by the Acting Chairman of the Judicial Council.