968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Malcolm MOLSONE, Petitioner-Appellant,
v.
Bill J. BUNNELL, Warden, Respondent-Appellee.
 No. 91-15528.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided July 9, 1992.
 
 Before BOOCHEVER, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Molsone was convicted in California Superior Court of first degree murder and sentenced to life imprisonment without possibility of parole. The primary evidence against him is a confession that Molsone claimed was involuntarily given. Specifically, Molsone's claim was based on the following allegation: he was confined for over 9 hours in a locked, windowless room without food or sleep, following which the interrogating officers implicitly threatened that if he did not confess, he would be given the death penalty. Molone's claim is supported by the tape recording of his confession, in which he repeatedly refers to the possibility that he will be sentenced to death, and by the testimony of the interrogating officers, who admitted that they explained to Molsone the possibility that he would be given the death sentence. Nonetheless, the trial court rejected Molsone's claim and admitted the confession.
 
 
 3
 Molsone appealed his conviction to the California Court of Appeal, which affirmed. He then filed in the California Supreme Court a petition for review that raised a single challenge to his conviction--a failure to give a jury instruction on coercion--but not his claim that the confession had been coerced. The court denied his petition.
 
 
 4
 Molsone next sought relief from the United States District Court for the Northern District of California. There, he filed a habeas petition raising two issues: (1) the failure of the trial court to give a jury instruction on coercion, and (2) the failure of the trial court to suppress a coerced confession. The state responded to the petition with a motion to dismiss. It argued that because Molsone had failed to present the coercion claim to the state supreme court and because he might be able to present that claim in a state collateral proceeding, the claim was not exhausted and that, under the rule of Rose v. Lundy, 455 U.S. 509, 510 (1982), the petition must be dismissed. The district court denied the motion, finding that because "[p]etitioner's federal claim ha[d] been fairly presented to the state courts," the claim was exhausted. Subsequently, when it considered the petition on the merits, the district court partially reversed itself, holding that Molsone had in fact failed to fairly present the coercion claim to the state supreme court. Without considering the effect of this reversal on its earlier finding regarding exhaustion, however, it determined that the claim was procedurally defaulted. Because it found the other claim to be without merit, the court denied the petition.
 
 
 5
 Molsone now appeals to our court. Because we agree with the district court's later determination that Molsone did not fairly present his coercion claim to the state courts but because we also believe that state avenues of relief may be open to him, we reverse the district court's earlier determination that the claim is exhausted. We think the state was correct in its argument in support of the motion to dismiss and that the motion should have been granted. Accordingly, we vacate and remand with directions to dismiss the petition pursuant to Rose, 455 U.S. at 510.
 
 
 6
 With certain exceptions not relevant here, 28 U.S.C. § 2254(b) requires a state prisoner to exhaust state remedies before seeking habeas corpus relief in federal court. A state prisoner may demonstrate that a particular claim is exhausted in two ways: by showing either that the state courts have been presented with a fair opportunity to rule on the merits of the claim or that no state remedies are available. See Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir.1992). Molsone argues that, under our holding in Maxwell v. Sumner, 673 F.2d 1031 (9th Cir.), cert. denied, 459 U.S. 976 (1982), he has presented the state courts with a fair opportunity to consider the merits of his claim of coercion notwithstanding his failure to raise the claim in his petition for review in the California Supreme Court. We disagree.
 
 
 7
 In Maxwell, a case remarkably similar to Molsone's, we found a claim to have been "effectively presented" without its being raised in the defendant's petition for review in the California Supreme Court. 673 F.2d at 1034 n. 1. We noted that under California appellate procedures, the state supreme court, if it granted a petition for review, vacated the court of appeals decision and reviewed all the issues "as if [the case] were on original appeal from the trial court, 'regardless of the grounds relied on in the petition.' " Id. (quoting Menchaca v. Helms Bakeries, Inc., 439 P.2d 903, 907 n. 1 (1968)). Thus, if the state supreme court granted the petition, the defendant would be free to raise a claim not presented in the petition as long as the claim had been raised in the court of appeal. Accordingly, the defendant's failure to raise the claim in his petition in no way impaired his ability to raise the claim before the California Supreme Court, and he had complied with the state procedures necessary to present the state courts with a fair opportunity to rule on the merits of the claim. See id.
 
 
 8
 Since Maxwell was decided, however, California has amended its rules of appellate procedure regarding petitions for review in the state supreme court; Effective March 6, 1985, "[o]nly the issues set forth in the petition and answer or fairly included in them need be considered by the court." Cal.Rules Sup.Ct. & Cts. of Appeal 28(e)(2). We have previously stated, albeit in dictum, that as a result of this amendment "[t]he Maxwell 'rule' will no longer be effective for petitions presented to the California Supreme Court after March 6, 1985." McGuire v. Estelle, 902 F.2d 749, 753 n. 1 (9th Cir.1990), reversed on other grounds, 112 S.Ct. 475 (1991).
 
 
 9
 We find McGuire's dictum compelling. Molsone's petition for review was filed after California amended its rule. The amendments made it clear that the Supreme Court would not as a matter of course review issues not presented in the petition for review. As a result, Molsone has not complied with the state procedures necessary to give the California Supreme Court a fair opportunity to consider the merits of his claim of coercion.
 
 
 10
 We must next determine whether the claim is exhausted because no state avenues of relief are available by which Molsone may now fairly present the claim. We cannot say with certainty that no such avenues exist. Under California law, a prisoner may challenge the use of a coerced confession on a state writ of habeas corpus. See In re Walker, 10 Cal.3d 764, 774, 112 Cal.Rptr. 177, 182 (1974); People v. Morrison, 4 Cal.3d 442, 443 n. 1, 93 Cal.Rptr. 751, 751 n. 1 (1971) (by implication). Although a prisoner may not ordinarily raise claims in a state habeas proceeding that could have been, but were not, raised on direct review, the writ is available if he "presents an adequate excuse for failing to invoke his remedy by appeal." In re Cameron, 68 Cal.2d 487, 491, 67 Cal.Rptr. 529, 531 (1968), accord In re Bower, 38 Cal.3d 865, 872, 215 Cal.Rptr. 267 (1985). There is a possibility that Molsone can demonstrate an adequate excuse for his failure to raise the claim. The California Supreme Court has established that appellate counsel has an obligation to the defendant to raise reasonably arguable claims. See People v. Rhoden, 6 Cal.3d 519, 524, 99 Cal.Rptr. 751 (1972); In re Smith, 3 Cal.3d 192, 202, 90 Cal.Rptr. 1, 7 (1970); People v. Scobie, 36 Cal.App.3d 97, 99, 111 Cal.Rptr. 600, 601 (1973). When appellate counsel fails to perform his obligation, the omitted claims may be considered on a writ of habeas corpus. See In re Banks, 4 Cal.3d 337, 343, 93 Cal.Rptr. 591, 596 (1971).
 
 
 11
 In the present case it is possible that the California courts will find Molsone's coercion claim to be reasonably arguable. Molsone claims that, after being held incommunicado in a small cell, he was coerced into confessing by implicit threats that, if he failed to cooperate, he would be sentenced to death. It is beyond dispute that psychological pressure may render a confession involuntary. See, e.g., United States v. Eccles, 850 F.2d 1357 (9th Cir.1988). An extended detention in which the suspect is held incommunicado will weigh heavily in favor of a finding of involuntariness. See Ashcroft v. Tennessee, 322 U.S. 143 (1944); United States v. Koch, 552 F.2d 1216 (7th Cir.1977). Moreover, promises of leniency or benefits in exchange for the defendant's cooperation or threats contingent on the defendant's lack of cooperation are impermissibly coercive, even if the threats or promises are only implied. See Hutto v. Ross, 429 U.S. 28 (1976). Closest to the instant case is the California Supreme Court's decision in People v. Jiminez, 21 Cal.3d 595, 147 Cal.Rptr. 172 (1978), which held involuntary a confession made after the interrogating officer implied that the defendant would not be given the death penalty if he cooperated with the police, see id. at 613, 147 Cal.Rptr. at 182-83. In light of the above, we cannot say with certainty that the state courts would find Molsone's coercion claim so frivolous that it would not fall within his counsel's obligation to preserve "reasonably arguable" claims. Cf. Matire v. Wainwright, 511 F.2d 1430, 1438 (11th Cir.1987) (finding ineffective assistance of appellate counsel due to failure of counsel to assert "obvious" Fifth Amendment claim in direct appeal).
 
 
 12
 In conclusion, we cannot presume that the state courts will refuse to entertain in a habeas proceeding Molsone's claim that his confession was coerced. Because we cannot say that all state avenues of relief are foreclosed to Molsone, his coercion claim is not exhausted. As his habeas petition contains an unexhausted claim, it must be dismissed. See Rose, 455 U.S. at 510. Accordingly, the district court's order denying the petition for a writ of habeas corpus is vacated, and the case is remanded to the district court with instructions to dismiss.
 
 
 13
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided for by 9th Cir.R. 21