**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH WILLIAMS, | No. 08-56880 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-02150-J-CAB |
| v. | |
| C. M. HARRISON, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: SCHROEDER, FISHER, and N.R. SMITH, Circuit Judges.

**1.** Williams claims that he was deprived his constitutional right to due process when, despite giving oral instructions regarding the defense of duress, the district court failed to provide the jury with written jury instructions on the defense of duress while emphasizing the importance of the written instructions.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We disagree. "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). The court's failure to provide a written instruction on the defense of duress did not "'so infect[] the entire trial that the resulting conviction violate[d] due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

**2.** Williams claims that his amended habeas claims should have been heard by the district court, because the motions to recall the remittitur that he filed in the California Court of Appeal and California Supreme Court had tolled the statute of limitations, pursuant to 28 U.S.C. § 2244(d)(2). "An application to recall the remittitur is a unique California post-conviction remedy whereby the petitioner asks the Court of Appeal or Supreme Court to reassert its jurisdiction over a case after it has relinquished that jurisdiction by issuing a remittitur following the final determination of the appeal." *Hayward v. Stone*, 496 F.2d 844, 845 (9th Cir. 1974); *see also Gallenkamp v. Superior Court*, 270 Cal. Rptr. 346, 349-50 (Cal. Ct. App. 1990).

A motion to recall the remittitur can reinstate a direct appeal. *People v. Mutch*, 482 P.2d 633, 637 (Cal. 1971). However, a motion to recall the remittitur can also act as a habeas petition. *Id.* Thus, depending on the claims raised, a

motion to recall the remittitur may serve as a habeas petition, thus tolling the statute of limitations for filing federal habeas claims. 28 U.S.C. § 2244(d)(2).

We therefore AFFIRM IN PART, REVERSE IN PART, and REMAND for a determination as to whether the claims in the motions to recall the remittitur are such that the motions should be treated as state habeas petitions. The California courts have permitted recall of the remittitur to function equivalently to a writ—or in its place—when a petitioner has alleged ineffective assistance of appellate counsel, *see In re Smith*, 474 P.2d 969, 976 (Cal. 1970); *In re Grunau*, 86 Cal. Rptr.3d 908, 910-11 (Cal. Ct. App. 2008), and where "there is no material dispute as to the facts relating to his conviction and . . . it appears that the statute under which [the petitioner] was convicted did not prohibit his conduct." *Mutch*, 482 P.2d at 637; *see also People v. Hunter*, 482 P.2d 658, 659 (Cal. 1971). If petitioner asserted these habeas claims, the district court shall make determinations as to the tolling of the statute of limitations and the merits of the amended claims.

The parties are to bear their own costs.