Filed 1/28/15  P. v. Castano CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>EUTIQUIO CASTANO,<br><br>  Defendant and Appellant. | D066248<br><br><br>(Super. Ct. No. SCD253596) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Eutiquio Castano pled guilty to one count of robbery (Pen. Code, § 211)[1] and admitted a gang enhancement (§ 186.22, subd. (b)(1)). Castano also admitted having suffered a prior strike conviction (§§ 667, subds. (b)-(i), 668, 1170.12). The trial court sentenced Castano to an aggregate sentence of 14 years in prison, consisting of the low term of two years for the robbery, doubled to four years due to the strike prior, and a consecutive term of 10 years for the gang enhancement.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

---

[1] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.      *Factual background*[2]

Castano unlawfully, by means of force and fear, took personal property from the victim, Quincy P.  In engaging in such conduct, Castano acted in association with a criminal street gang.

B.      *Procedural background*

In January 2014, the People charged Castano with two counts of robbery (§ 211). With respect to both counts, the People alleged that Castano committed the crimes in association with a criminal street gang (§ 186.22, subd. (b)(1)).  The People also alleged that Castano has suffered a prior strike conviction (§§ 667, subds. (b)-(i), 668, 1170.12).

In February 2014, Castano pled guilty to one count of robbery (§ 211)[3] and admitted a gang enhancement (§ 186.22, subd. (b)(1)).  Castano also admitted having suffered a prior strike conviction (§§ 667, subds. (b)-(i), 668, 1170.12).  In exchange, the People agreed to dismiss the balance of the charges and allegations.  The parties agreed that the court would retain discretion in sentencing Castano.

---

[2]      Our factual background is taken from the change of plea hearing.

[3]      Unless otherwise specified, all subsequent statutory references are to the Penal Code.

The People filed a sentencing memorandum in which they requested that the court impose a sentence of 16 years in prison. In their brief, the People noted that Castano had suffered a strike prior for a violent robbery less than two years before the charged incident and that the current crime was gang related.

Castano filed a combined statement in mitigation and a motion to strike his prior strike. Castano requested that the court strike the prior strike in light of various factors, including that he was only 17 years old at the time of the prior strike and that he was homeless and without money for food.

At sentencing, the court heard argument from the People and from defense counsel. The court stated that it was concerned that the current robbery took place "just as Mr. Castano walked out of a counseling session that was an attempt to get Mr. Castano to understand the difficulties that he will be involved in by continuing his behavior." The court also noted that in determining the proper sentence, he had considered Castano's prior strike and his gang affiliation. The court ultimately imposed an aggregate sentence of 14 years in prison, as described in part I, *ante*.

## III.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel has presented no argument for reversal, and invited this court to review the record for error in accordance with *Wende, supra*, 25

4

Cal.3d 436. Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

"Was appellant's plea knowing, intelligent and voluntary?"

"Did the trial court commit an abuse of discretion in denying appellant's motion to strike his strike prior?"

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Castano has been adequately represented by counsel on this appeal.

## IV.

## DISPOSITION

The judgment is affirmed.

                                                                                AARON, J.

WE CONCUR:

                    McCONNELL, P. J.

                    IRION, J.

5